## A. P. Cox's Exor. v. Philip Swigert.

**Commissioner's Deed—Approval by Order of Court—Evidence.**
   An order of court, showing that a deed was examined and approved, though not endorsed thereon, must be taken as a substantial compliance with the statute, and it is the highest evidence thereof, as the endorsement is merely directory and would be insufficient without the order of court. .

**Confirmation of Sale—Failure to Except—Commissioner's Report.**
   Where the record fails to show that the confirmation of a sale, made on the same day the report was filed by the commissioner, was done at the request of the purchaser, held that the mortgagor, for whose accommodation the sale had previously been delayed, by his failure to except to the report, is estopped to complain of the confirmation at a later date.

**Lapse of Time—Presumption of Payment—Recitals of Deed.**
   Lapse of time, and the recitals in a commissioner's deed, held conclusive of payment of purchase price of land sold by the commissioner.

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 13, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The Franklin circuit court had complete jurisdiction of the whole subject matter involved in the suit in chancery, of Pickett's heirs against Cox, and after the decree had been rendered for a sale of the estate mortgaged to satisfy the subsisting debt intended to be secured thereby, Cox was certainly legally competent to agree with the counsel for the complainants in said action, that more property might be embraced in the decree of foreclosure and sale, than was included in the mortgage, and there is nothing in the record to show that the actors, in having the supplemental decree entered, were induced to do so, by any improper, or illegal motives. The attorney for the complainants in the action, certainly was not censurable for consenting to it, whereby his client's debt was made the more secure, and no motive is shown to have prompted Cox, other than a laudable

desire to fully indemnify these creditors. But even if a different, and more unworthy motive prompted Cox, as is alleged in the pleadings of appellant, Swigert, was no party to the transaction. He was not a party to the suit, and it is not shown that he knew when he purchased at the sale of the master, that the mill property, and the house and lot, were not embraced in the mortgage, or that the sale thereof was made under the supplemental consent decree. He, therefore, stands upon this record as an innocent purchaser of the property, wholly unconnected with the suit, and a non-participant in any transaction touching the same before the sale, when he became the purchaser at a price greater than any other person was willing to pay.

But objections are made to the sale; because it was confirmed on the same day on which the report thereof was made to the court by the master; it is neither alleged nor proved that Cox was not aware of the time of the presentation of the report, the sale had been fixed to come off on several days before it was consummated, and had been postponed, as the reports of the commissioner show, by direction of the attorney for the complainants at the request, and for the accommodation of Cox, as must be presumed. He was vitally interested in the whole business, and doubtless knew when the report was made, and confirmed. The record does not show that the confirmation was made on the motion of Swigert, and Cox had counsel who should have been in court if he intended to except to the report, and it was his duty then to object to the confirmation, and either have excepted, or asked time to put in his exceptions to the report—which he failed to do; neither Cox, if alive, nor those who represent him, or claim through him, will be heard at this late day to complain of what was done.

By the decree ordering a sale of the mortgaged premises entered at the July term, 1849, of the Franklin circuit court—the master was by a separate paragraph, directed to execute to the purchaser a conveyance for the land; and by the terms of the supplemental decree, the property embraced therein was to be sold in the same manner as the land was directed to be sold, and the master was to be governed in making the sale thereof by the directions prescribed for selling the mortgaged premises—which necessarily required him to convey said property to the purchaser just as he was required to convey the land to the purchaser. Consequently the conveyance made to him by the commissioner is effectual to

invest him with the title—under an *Act* approved May 31, 1865, *Meyers Suppl. 113,* entitled *"An Act* in relation to conveyances by commissioners."

The record shows that the deed of the commissioner to appellee was examined and approved by the court as required by the statute, but whether that examination and approval were endorsed by the court on the deed or not, does not appear, nor do we deem it essential to the validity of the deed, the order of the court showing that it was examined and approved, must be taken as a substantial compliance with the requirements of the statute and is the highest evidence thereof, as the endorsement is merely directory and of itself would be insufficient without the higher evidence, the order of court.

As to the objection that it does not appear that all the purchase money has been paid, the payment may be presumed from the lapse of time—and the commissioner states that the sum has been paid.

We are not prepared to say that appellee's right should be impaired or forfeited by his forbearance to turn his friend and family out of a house which he is not shown to have needed as a residence for himself, and and when it does not appear that that friend had another house to go to. It is not the province of courts to attribute wrong or fraudulent motives to parties when their conduct may have been governed by feelings of disinterested friendship, and humanity, and certainly if Cox was permitted to occupy the premises without the payment of rent, appellee's right should not be prejudiced by the payment of the taxes by the tenant.

Wherefore, the judgment is *affirmed.*

*Drane, for appellant.*